IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID RUPPERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 03-6234-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon  97045

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

      David Morado
      Regional Chief Counsel
      David M. Blume
      Special Assistant United States Attorney
      Social Security Administration
      Office of the General Counsel
      701 5th Avenue, Suite 2900 M/S 901
      Seattle, Washington  98104-7075

           Attorneys for Defendant

KING, Judge:

      Plaintiff David Ruppert brought an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's attorney, Tim Wilborn, seeks attorney fees in the amount of $10,869.16 pursuant to 42 U.S.C. § 406(b).

## BACKGROUND

      Plaintiff filed applications for SSI and DIB.  The applications were denied initially and upon reconsideration.  Plaintiff sought and obtained a hearing, after which the administrative law judge issued a decision finding plaintiff not disabled.  The Appeals Council declined plaintiff's request for review.  Plaintiff filed a complaint in this court.  After he filed his opening brief, the court granted a Joint Motion to Remand for further administrative proceedings.

      Plaintiff subsequently received a past-due benefit award of $43,476.64, plus ongoing benefits.  Bruce Brewer represented plaintiff at the administrative level, and for that work Brewer received attorney fees of $5,300 under 42 U.S.C. § 406(a).  Wilborn, who represented plaintiff

before the court, stipulated to attorney fees in the amount of $5,400 under the Equal Access to Justice Act ("EAJA").

## LEGAL STANDARDS

The court may award "a reasonable fee" to an attorney for representing a claimant in court if the attorney obtains a "judgment favorable to a claimant." 42 U.S.C. § 406(b). The "reasonable fee" must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Id.

## DISCUSSION

Wilborn seeks fees in the amount of $10,869.16, which represents 25 percent of the past-due benefits awarded to plaintiff, pursuant to 42 U.S.C. § 406(b). He recognizes that he will need to return to plaintiff the $5,400 he received pursuant to EAJA. He contends that $10,869.16 is a "reasonable fee" because such a contingency fee makes up for the risk of non-payment.

42 U.S.C. § 406 sets up a payment scheme for attorneys to obtain fees both at the administrative level and when representing a claimant in court.

There are two ways an attorney may obtain fees for work done in administrative proceedings. The first way is through a fee petition process, which requires the Commissioner to evaluate the attorney's request and determine whether it is "reasonable." 42 U.S.C. § 406(a)(1). The Commissioner may authorize a fee even if the claimant receives no benefits. 20 C.F.R. §§ 404.1725(b)(2), 416.1525(b)(2). "There is no maximum fee amount that can be authorized in the fee petition process." Social Security Administration, Hearings, Appeals and Litigation Law Manual (HALLEX), Evaluating Fee Petitions (Feb. 25, 2005), available at 2003 WL 21324777. The Commissioner evaluates criteria such as the complexity of the case, the service provided by

Page 3 - OPINION AND ORDER

the attorney, the amount of time required, and the level of skill and competence of the attorney. 20 C.F.R. § 404.1725(b).

The second way is for the Commissioner to approve a contingent-fee agreement. In doing so, the Commissioner is limited in the amount of attorney fees he can approve. The Commissioner may award 25 percent of past-due benefits or $5,300, whichever amount is less. 42 U.S.C. § 406(a)(2); 67 Fed. Reg. 2477-01 (Jan. 17, 2002). Congress intended this process to "generally replace the fee petition process." H.R. Rep. No. 101-964 (1990) (Conf. Rep.), as reprinted in 1990 U.S.C.C.A.N. 2374, 2638. This is the provision under which Brewer obtained attorney fees.

A separate provision governs fees when "a court renders a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The attorney who represented the claimant in court is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" Id.

In a separate statutory scheme, attorneys who represent claimants in Social Security proceedings may be entitled to EAJA fees, pursuant to 28 U.S.C. § 2412. A prevailing party may obtain fees if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The fees are determined by the time spent on the case multiplied by the attorney's capped hourly rate. An attorney who receives fees for the same work under 42 U.S.C. § 406(b) and EAJA must refund the smaller fee. EAJA Amendments, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985).

The Commissioner, in his role as trustee for plaintiff, objects to Wilborn's fee request. The Commissioner argues that the total fees awarded to the attorneys who represented plaintiff in

Page 4 - OPINION AND ORDER

this case, both administratively and in court, should not exceed 25 percent of plaintiff's past-due benefits. The Commissioner argues anything above an aggregate 25 percent would be unreasonable. Brewer received $5,300 for his work on behalf of plaintiff at the administrative level, under 42 U.S.C. § 406(a)(2) and, according to the Commissioner, this amount should be deducted from any amount Wilborn receives pursuant to 42 U.S.C. § 406(b). In short, the Commissioner contends that the combined fees awarded under sections 406(a)(2) and 406(b) should not exceed 25 percent of plaintiff's past-due benefits. In addition, any EAJA award should be refunded to plaintiff.

The Commissioner suggests that the statute is ambiguous, and that I should resort to the legislative history, as well as cases from circuits outside the Ninth Circuit, to conclude that combined fees should not exceed 25 percent of past-due benefits. See Guido v. Schweiker, 775 F.2d 107, 108 (3d Cir. 1985) ("The total amount awarded by both the court and the Secretary may not exceed 25 percent of the claimant's recovery of past due benefits."); Morris v. Social Security Admin., 689 F.2d 495, 497-98 (4th Cir. 1982) (25 percent cap applied to fees of same attorney in administrative and court proceedings); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970) (same); and Davis v. Bowen, 894 F.2d 271, 273 (8th Cir. 1989) (accepts principle of aggregation). The Ninth Circuit has not weighed in on the issue, but an appeal from a decision in favor of the Commissioner out of the Western District of Washington is currently pending. See Clark v. Barnhart, No. CV-04-5237-FDB (W.D. Wash. Dec. 8, 2006) (order on motion for attorney fees), appeal docketed, No. 07-35056 (9th Cir. July 31, 2007).

Wilborn strongly disagrees with the Commissioner's interpretation of the relevant statutory provisions. Wilborn argues the statute is clear. He focuses on the language of 42

Page 5 - OPINION AND ORDER

U.S.C. § 406(a)(1), which imposes no cap on the fees awarded, and he argues there is no indication that the 25 percent cap of 42 U.S.C. § 406(b) applies to the aggregate of fees awarded in the administrative and court proceedings. Wilborn relies on a Sixth Circuit decision in which the court concluded the Commissioner awards a "reasonable fee" for work done in the administrative realm, and the court awards a fee not "in excess of 25 percent of the total of past-due benefits" for work performed before it. Horenstein v. Secretary of Health and Human Servs., 35 F.3d 261, 262-63 (6th Cir. 1994) (en banc). Wilborn also argues that the Commissioner's position is inconsistent with the agency's regulations.

The Supreme Court recently explained how courts are to evaluate fee requests under 42 U.S.C. § 406(b). Courts should "approach fee determinations by looking first to the contingent-fee agreement" and then evaluate the reasonableness of the fee request. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). The court may reduce fees "based on the character of the representation and the results the representative achieved." Id. If the fee requested is large as compared with the benefits received, the court may reduce the fee. The court may consider the amount of time spent representing the claimant.

I have considered the contingent-fee agreement here. I have also considered the EAJA fee request since fees under EAJA are based on the hours the attorney invested in the case. Here, the EAJA fee award is the only available reflection of the amount of time Wilborn actually spent on the case. The court awarded an EAJA fee of $5,400, based on the stipulation of the parties.

Finally, after reviewing the legislative history and cases cited by the Commissioner, I am convinced that in making a reasonableness determination, I have the discretion to consider fees awarded under 42 U.S.C. 406(a)(2) for representation in any administrative proceedings.

Congress enacted section 406(b) to prevent "inordinately large fees" of one-third or one-half of past-due benefits. S. Rep. No. 89-404 (1965), as reprinted in 1965 U.S.C.C.A.N. 1943, 2062. It enacted section 406(a)(2) only a few years later. I agree with the Fourth Circuit, which opined, "The obvious intent of Congress was to establish a ceiling for attorney's fees that was independent of the course of the proceedings. To adopt the construction urged by the petitioner in this case would allow an attorney to recover fifty percent of his client's accrued benefits in direct contravention of congressional attempts to foreclose contingent fee arrangements of one-third to one-half." Morris, 689 F.2d at 498.

Given the above considerations, I approve Wilborn's fee request in the amount of $5,569.17. Such an amount accounts for the time he spent litigating the case, and ensures that plaintiff's past-due benefits are not eroded by the requests of the two attorneys who worked on his behalf.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C. § 406(b) (#32) is granted in part and denied in part. Plaintiff's attorney is entitled to an award of $5,569.17. Plaintiff's attorney must refund his previously-awarded EAJA fee of $5,400.

IT IS SO ORDERED.

Dated this ____28th_____ day of April, 2008.

                                                          /s/ Garr M. King
                                                          Garr M. King
                                                          United States District Judge